# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2013

No. 11-31036
Summary Calendar

Lyle W. Cayce
Clerk

ADAM FRANK,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CV-1184

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following the district court's denial of his 28 U.S.C. § 2254 petition, this court granted Adam Frank, Louisiana prisoner #213548, a certificate of appealability on his claim that the State engaged in prosecutorial misconduct when it failed to correct the testimony of Adam White, who testified against him at his trial. Frank's motion to file his reply brief out of time is GRANTED.

Frank argues that White falsely denied that his testimony was given pursuant to a deal with the State wherein White was allowed to withdraw his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty plea to armed robbery and to plead guilty to a lesser included offense of conspiracy, for which he received a five year sentence. Frank attempted to support his claim with the transcript of White's guilty plea, which was not presented to the state courts.

In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." The Court also rejected the notion that a federal court can consider evidence for the first time on habeas review if the evidence is offered merely to support a claim that has already been presented to the state courts. *See Lewis v. Thaler*,__ F.3d __, 2012 WL 5860247 at *5-6 (5th Cir. Nov. 20, 2012) (citing *Pinholster*, 131 S. Ct. at 1402 n.11). Further, although the Court acknowledged that state prisoners may sometimes submit new evidence in federal court, it held that a prisoner may not circumvent the requirements of § 2254(d)(1) and § 2254(e)(2) in order to so do. *See id.* at *6.

We reject Frank's argument that the holding of *Pinholster* does not apply to the circumstances herein. Further, Frank has made no showing that the transcript may be submitted under the limited circumstances recognized in *Pinholster*. Accordingly, we hold that the transcript of White guilty plea "has no bearing" on this court's § 2254(d)(1) review. *See Pinholster*, 131 S. Ct. at 1400.

Whether the prosecutor knowingly used false and material testimony is a mixed question of law and fact. *Hafdahl v. Johnson*, 251 F.3d 528, 532-33 (5th Cir. 2001). Accordingly, we review the district court's factual findings for clear error and the conclusions drawn from those facts de novo. *Id.* We also must take account of the deferential standards of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Harrison v. Quarterman*, 496 F.3d 419, 423 (5th Cir. 2007). Under the AEDPA, federal habeas relief cannot be granted on claims adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

A state court's decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's precedent]." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an unreasonable application of clearly established federal law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08.

The deliberate deception of a court and jurors by the presentation of known false evidence violates the Due Process Clause of the Fourteenth Amendment. *Giglio v. United States*, 405 U.S. 150, 153 (1972). The "same result obtains when the State, although not soliciting the false evidence, allows it to go uncorrected when it appears." *Id.* (quoting *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). "Although *Giglio* and *Napue* use the term 'promise' in referring to covered-up deals, they establish that the crux of a Fourteenth Amendment violation is deception. A promise is unnecessary." *Tassin v. Cain*, 517 F.3d 770, 778 (5th Cir. 2008). In order to obtain relief on his claim, Frank must show that White testified falsely, the State knew the testimony was false, and the testimony was material in that it could reasonably have affected the judgment of the jury. *See Napue*, 360 U.S. at 271.

The state appellate court determined that under the governing law first set forth in *Napue*, the facts did not support Frank's claim. The court determined that nothing in the record indicated that White knew that he would be allowed to withdraw his plea and to plea to a lesser crime. The court further determined that White had not been untruthful in his testimony because he had

admitted that he was testifying in the hope that he would receive favorable treatment at sentencing.

Frank has not shown the appellate court's determination to be unreasonable. *See Williams*, 529 U.S. at 405-06. Unlike in *Napue* and *Tassin*, where the witnesses flatly denied an expectation of a sentence reduction, White acknowledged that he testified because he hoped to get time off his sentence. White thus did not testify falsely. *See Napue*, 360 U.S. at 271. Because Frank has not shown that the district court erred in rejecting his claim, the judgment of the district court is AFFIRMED.